**BRADY LAW, CHARTERED**
Michael G. Brady, ISB #1293
Eric D. Fredericksen, ISB #6555
St. Mary's Crossing
2537 W. State Street, Suite 200
Boise, ID 83702

**TELEPHONE:  (208) 345-8400**
**FACSIMILE:  (208) 322-4486**

Attorneys for Plaintiffs Adam Brown and Sarah Brown

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM BROWN and SARAH BROWN, husband and wife, | Case No. _____ |
| Plaintiffs, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| JOHNSON MARK, LLC, a Utah limited liability company; and John Does I-X, individual employees of Defendant Johnson Mark, LLC, | |
| Defendants. | |

Plaintiffs Adam Brown and Sarah Brown, husband and wife, by and through their attorneys of record, Brady Law, Chartered, as and for a Complaint against Defendants Johnson Mark, LLC, and John Does I-X, individual employees of Johnson Mark, LLC, plead and allege as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 1**
1111.0001

## I.  PARTIES

1. Plaintiff Adam Brown is a natural person who resides in the City of Meridian, County of Ada, State of Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2. Plaintiff Sarah Brown is a natural person who resides in the City of Meridian, County of Ada, State of Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Plaintiff Sarah Brown and Plaintiff Adam Brown ("Browns") are a married couple.

4. Defendant Johnson Mark, LLC ("Johnson Mark") is a collection agency and/or a law firm which regularly engages in debt collection operating from a primary address of 1778 S. Election Drive, Suite 240 Draper, Utah, with an office located at 3023 East Copper Point Drive, Suite 102 Meridian, Idaho, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant Does I-X ( "Defendant Does"), are natural persons who were employed at all times relevant herein by Defendant Johnson Mark, as collection agents, is are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## II.  JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d) and *Idaho Code* § 48-608.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); violations of the Idaho Consumer Protection Act, *Idaho Code* § 48-601 *et seq.* (ICPA); the invasions of Plaintiffs' personal and financial privacy by Defendants in their illegal efforts to collect a consumer debt from Plaintiffs.

8. Venue is proper in this District because the relevant acts and transactions occurred in Idaho, Plaintiffs reside in Idaho, and Defendants transact business as debt collectors in Idaho, but are not licensed to do so, and conduct business as a law firm with an office in Idaho.

## III.  FACTUAL ALLEGATIONS

9. On or around April 2001, the Browns allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, credit card debt with Capital One Bank (USA), N.A. ("Capital One"), Account No. 529107189964 in the approximate amount of $1,000.00, which was used by the Browns for personal, family and household purchases (the "Debt").

10. The Browns have no other accounts with Capital One of which they are aware, either individually or as a couple.

11. Sometime thereafter, the Debt was consigned, placed or otherwise transferred to Johnson Mark for collection from the Browns.

12. On October 8, 2010, Johnson Mark filed a complaint in the Fourth Judicial District of the State of Idaho in and for Ada County, against the Browns in an attempt to collect on the Debt, which was assigned Case No. CV-OC-2010-20423 ("First Lawsuit").

13. On May 24, 2011, the First Complaint was dismissed without prejudice due to Johnson Mark's failure to prosecute pursuant to the *Idaho Rules of Civil Procedure*.

14. On June 15, 2011, Johnson Mark filed another complaint in the Fourth Judicial District of the State of Idaho in and for Ada County, against the Browns in an attempt to collect on the Debt, which was assigned Case No. CV-OC-2011-11786 ("Second Lawsuit").

15. The Complaint in the Second Lawsuit alleged the original amount owed by the Browns was $1,818.80.

16. On October 21, 2011, the Browns filed an Answer and Counterclaim to the Complaint in the Second Lawsuit.

17. On December 13, 2011, a hearing was held before the Court in the Second Lawsuit on Johnson Mark's Motion to Dismiss the Browns' Counterclaim, in which an associate attorney of Johnson Mark appeared, argued, and interacted with Sarah Brown.

18. On or about December 23, 2011, the Browns received via U.S. Mail an unsigned collection letter dated December 9, 2011, on Johnson Mark's letterhead, bearing Johnson Mark's Utah address (the "Collection Letter"). A true and correct copy of the Collection Letter is attached hereto as **Exhibit "1"**.

19. The Collection Letter states the original amount owed by the Browns to Capital One was $1,818.80.

20. Defendants Does I-X, individually or collectively, determined to send, and caused to be sent to the Browns the Collection Letter.

21. The Collection Letter states: "This is an attempt to collect a debt"; and "This communication is from a debt collector."

22. The Collection Letter was a communication made in an attempt by Johnson Mark, a debt collector, to collect a consumer debt from the Browns.

23. The Collection Letter states: "At this time, no attorney from this firm has personally reviewed the particular circumstances of your account, and no decision has been made to file a lawsuit."

24. The statement contained in the Collection Letter that "no decision has been made to file a lawsuit" is a false and/or misleading representation by Johnson Mark to the Browns as Johnson Mark had already filed two lawsuits against the Browns.

25. The statement contained in the Collection Letter that, "At this time, no attorney from this firm has personally reviewed the particular circumstances of your account," is a false and/or misleading representation by Johnson Mark to the Browns, as Johnson Mark had already filed two lawsuits against the Browns.

26. The Collection Letter caused each of the Browns individually to experience undue and extra-ordinary fear, stress, worry, embarrassment and other negative emotions, accompanied by physical manifestations such as depression, anxiety, loss of sleep and crying.

27. The Collection Letter violates numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

28. The above-detailed conduct by these Defendants of harassing the Browns in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, which resulted in actual damages to the Browns.

29. The Collection Letter violates the ICPA as it is an unfair and/or deceptive act in the conduct of trade or commerce within the state of Idaho.

### *Respondeat Superior Liability*

30. The acts and omissions of Defendants Does I-X, who individually or collectively, determined to and caused the Collection Letter to be sent, were committed within the time and space limits of their agency relationship with their principal, Johnson Mark.

31. The acts and omissions by Defendants Does I-X were incidental to, or of the same general nature as, the responsibilities of Defendant Johnson Mark, and Defendants Does I-X were

authorized and encouraged to perform the acts and omissions by Johnson Mark in collecting consumer debts.

32. By committing these acts and omissions against the Browns, Defendants Does I-X were motivated to benefit their principal, Johnson Mark.

33. Johnson Mark is therefore liable to the Browns through the doctrine of *respondeat superior* for the intentional and negligent acts, errors, and omissions performed in violation of federal and state law by Defendant Does I-X, including but not limited to violations of the FDCPA and Idaho law, in their attempts to collect a debt from the Browns.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

34. The Browns incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of each and every Defendant and/or agents thereof constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to the Browns.

36. As a result of each and every Defendants' violations of the FDCPA, the Browns are each entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE IDAHO CONSUMER PROTECTION ACT
### *Idaho Code* § 48-601 *et seq.*

37. The Browns incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of each and every Defendant and/or agents thereof constitute violations of the ICPA.

39. As a result of each and every Defendants' violations of the ICPA, the Browns are each entitled to actual damages or one thousand dollars ($1,000), whichever is the greater pursuant to *Idaho Code* § 48-608(1); and, reasonable attorney's fees and costs pursuant to *Idaho Code* § 48-608(5), from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the Browns pray that judgment be entered against each and every Defendant as follows:

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant to the Browns individually;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant to the Browns individually;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

4. For an award of actual damages or one thousand dollars ($1,000), whichever is the greater, pursuant to *Idaho Code* § 48-608(1); and, reasonable attorney's fees and costs pursuant to *Idaho Code* § 48-608(5) against each and every Defendant to the Browns individually.

5. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

The Browns hereby demand a trial by jury on all issues pursuant to *Idaho Rules of Civil Procedure*, Rule 38(b); and the *Federal Rules of Civil Procedure*, Rule 38(b).

DATED this 24th day of July, 2012.

BRADY LAW, CHARTERED

By: Eric D. Fredericksen,
Attorneys for Plaintiffs
Adam and Sarah Brown